BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

CHARLES E.T. ROBERTS
 (PA Bar No. 326539)
Counsel to the Assistant Attorney General
U.S. Department of Justice
Civil Division
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 305-1141
Charles.Roberts2@usdoj.gov

*Counsel for the United States*

STANLEY E. WOODWARD, JR.
Associate Attorney General

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

JOHN K. ADAMS
Senior Counsel

DAVIS FORSYTHE
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>TOWNSHIP OF MORRIS, NEW JERSEY; TOWNSHIP OF MORRIS COMMITTEE; DONNA J. GUARIGLIA, in her official capacity as Mayor of Morris Township; JOSEPH VUICH, in his official capacity as Consulting Township Engineer; RON AUTH, in his official capacity as Construction Code Official,<br><br>                Defendants. | No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Complaint of the United States

Plaintiff, the United States of America, by and through its undersigned counsel, brings this civil action for declaratory and injunctive relief, and alleges as follows:

**PRELIMINARY STATEMENT**

1. From the day President Donald J. Trump took office, his Administration has prioritized cutting energy costs for all Americans, restoring consumer freedom, and unleashing American energy dominance. *Unleashing American Energy*, 90 Fed. Reg. 8,353 (Jan. 20, 2025) (Executive Order 14154). Ensuring that all Americans have reliable access to affordable energy not only makes good economic sense, it also strengthens national security.

2. Standing in the way of that progress, certain states and localities have enacted "energy policies that threaten American energy dominance and our economic and national security." *Protecting American Energy from State Overreach*, 90 Fed. Reg. 15,513 (Apr. 8, 2025) (Executive Order 14260). These radical measures "weaken our national security and devastate Americans by driving up energy costs for families coast-to-coast." *Id.* Instead, "Americans must be permitted to heat their homes, fuel their cars, and have peace of mind—free from policies that make energy more expensive and inevitably degrade quality of life." *Id.* To that end, the President directed the Attorney General "to take all appropriate action to stop" measures she "determines to be illegal." *Id.*

3. The Township of Morris, New Jersey (the "Township") has such a measure on its books: Ordinance 08-22 (the "Ordinance").[1] In 2022, the Township banned natural gas, propane gas, and fuel oil infrastructure and appliances in new apartment complex or apartment style housing comprised of twelve (12) or more dwelling units. In pursuit of "electrification," this ban denies consumers reliable, resilient, and affordable energy, as well as the use of commonplace gas appliances for cooking, heating, and other household

---

[1] Attached as Exhibit A, available at https://www.morristwp.com/DocumentCenter/View/9217/8-22, and codified at Chapter 194 of the Morris Township Code of Ordinances, available at https://ecode360.com/39686029.

Complaint of the United States                    - 1 -

needs.  But natural gas is often the lowest cost *and* most efficient energy source for everyday uses—outperforming electric on both expense and lifecycle emissions.  *See* Dep't of Energy, *Energy Conservation Program for Consumer Products: Representative Average Unit Costs of Energy*, 89 Fed. Reg. 83,672, 83,673 (Oct. 17, 2024).

4.    The Township's gas ban is not only bad policy, it is also unlawful.  The Energy Policy and Conservation Act ("EPCA") preempts state and local "regulation[s] concerning the energy efficiency" or "energy use" of any "covered product" subject to a federal "energy conservation standard."  42 U.S.C. § 6297(c).

5.    As the Ninth Circuit recently held, "completely prohibiting the installation of natural gas piping within newly constructed buildings" is "preempted by Congress" in EPCA. *California Rest. Ass'n v. City of Berkeley*, 89 F.4th 1094, 1098 (9th Cir. 2024), *amended on denial of reh'g en banc* (citing 42 U.S.C. § 6297(c)).  As that precedent demonstrates, Morris Township's gas ban is invalid.

6.    The United States brings this declaratory and injunctive action to stop the Township and its officials from enforcing the preempted Ordinance that drives up American energy costs and reduces consumer freedom.

## PARTIES

7.    Plaintiff, the United States of America, enforces federal laws such as EPCA through its Executive agencies, including the Department of Energy.

8.    Defendant Township of Morris, New Jersey, is a municipal corporation organized and existing under and by virtue of the laws of the State of New Jersey. The Township, through the Township of Morris Committee, adopted the Ordinance and has authority to enforce it.

9.    Defendant Township of Morris Committee (the "Township Committee") is the governing body of the Township and adopted the Ordinance.

10.   Defendant Donna J. Guariglia is the Mayor of the Township and responsible for

enforcement of the Ordinance. She is sued in her official capacity.

11. Defendant Joseph Vuich is the Consulting Township Engineer of the Township and responsible for enforcement of the Ordinance. He is sued in his official capacity.

12. Defendant Ron Auth is the Construction Code Official of the Township and responsible for enforcement of the Ordinance. He is sued in his official capacity.

## JURISDICTION AND VENUE

13. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

14. The Township's Ordinance conflicts with and is preempted by federal law, and does not satisfy the requirements of any exception to preemption.

15. There is no set of circumstances under which the Ordinance would be valid under federal law.  The Ordinance's limited exceptions do not save it from preemption.

16. The United States has standing to vindicate its sovereign interests. *See, e.g.*, *Arizona v. United States*, 567 U.S. 387 (2012); *United States v. Pittsburgh*, 757 F.2d 43, 45 (3d Cir. 1985). The Ordinance threatens and harms the United States' sovereign interest in the supremacy and enforcement of federal law, specifically EPCA.

17. The Ordinance also injures the United States by undermining and conflicting with EPCA's statutory scheme and purposes described below.  For example, the measure (i) prohibits the use of products that the United States Department of Energy regulates and that may be distributed in commerce if in compliance with those federal regulations, thereby disrupting the agency's implementation of the federal statutory scheme, (ii) creates a patchwork of inconsistent regulation in an area where Congress imposed a uniform, national energy conservation standards with exceptions permitted only in narrow circumstances and (iii) harms the United States' interests in protecting Americans' access to reliable, resilient, and affordable energy and the well-being of national energy markets.

18. A favorable ruling would redress the United States' harms.

19. The Court has the authority to provide the relief requested under the Supremacy Clause,

Complaint of the United States                    - 3 -

U.S. Const. art. VI, cl. 2, as well as 28 U.S.C. §§ 1651, 2201, and 2202, and its inherent equitable powers.

20. Venue is proper in this District under 28 U.S.C. § 1391 because the Township is located within this District and the acts and events giving rise to the claims occurred at least in part in this District.

**MORRIS TOWNSHIP'S GAS BAN**

21. In May 2022, the Township Committee adopted Ordinance 08-22 "An Ordinance Requiring that All New Residential and Commercial Developments of Apartments or Apartment Style Housing of Twelve Units or Greater to Be All-Electric Buildings." Township of Morris, Minutes of May 18, 2022 Township Committee Regular Meeting (May 18, 2022).[2]

22. A true and correct copy of Ordinance 08-22, which took effect upon publication following the May 18, 2022 Township Committee meeting at which it was adopted, is attached as Exhibit A. *See supra* Note 1.

23. The Ordinance's intent and effect are to ban natural gas, propane gas, and fuel oil appliances in covered buildings.

24. The Ordinance added a new Chapter 194 to the Morris Township Code of Ordinances, which states:

> On or after September 1, 2022, the Township Engineer and/or Construction Official shall not issue a construction permit for a new apartment complex or apartment style housing comprised of 12 or more dwelling units unless the permit requires the building to be constructed as an all-electric building.

Ordinance, sec. 1, ¶ 2 (Morris Twp. Code of Ordinances § 194-2).

25. Under the Ordinance, "all-electric building[]" means "a building or project that uses a permanent supply of electricity as the sole source of energy to meet building energy needs.

---

[2] https://www.morristwp.com/AgendaCenter/ViewFile/Minutes/_05182022-1302

An all-electric building or project shall have no natural gas, propane, or oil heaters, boilers, piping systems, fixtures or infrastructures installed to meet building energy needs." Ordinance, sec. 1, ¶ 1 (Morris Twp. Code of Ordinances § 194-1). And "building energy needs" means "all space conditioning, including heating and cooling, water heating, including pools and spas, cooking appliances and clothes washing and drying appliances." *Id.*

26.     The Ordinance includes an exception under which "the Township Engineer and/or Construction Official may issue a permit for a new mixed-fuel building upon a finding by the Planning Board that construction of an all-electric building is physically or technically infeasible. Financial considerations shall not be sufficient basis to determine physical or technical infeasibility." Ordinance, sec. 1, ¶ 3 (Morris Twp. Code of Ordinances § 194-3). And the Ordinance specifies that "the applicant shall pay or agree in writing to pay any costs related to the connection of any gas main and/or transmission system to ensure that such costs are not subsidized by other service class rate payers" in relation to any issued exception. Ordinance, sec. 1, ¶ 4 (Morris Twp. Code of Ordinances § 194-3).

27.     The Ordinance functions to ban all use of natural gas, propane gas, and fuel oil appliances in covered buildings.

28.     The Ordinance is and may be enforced by the City, its departments, and employees, in particular the Township Engineer and Construction Official, under the supervision of the Township Committee and Mayor. *See* Ordinance, sec. 1, ¶ 3 (Morris Twp. Code of Ordinances § 194-3).

### FEDERAL ENERGY POLICY AND CONSERVATION ACT

29.     The Supremacy Clause of the United States Constitution mandates that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2.

30. One such law of the United States, which must be given preemptive effect under the Supremacy Clause, is EPCA.

31. Congress passed EPCA to establish a "comprehensive energy policy" addressing "the serious economic and national security problems associated with our nation's continued reliance on foreign energy resources" laid bare by the early 1970s oil crisis. *Air Conditioning & Refrigeration Inst. v. Energy Res. Conservation & Dev. Comm'n*, 410 F.3d 492, 498 (9th Cir. 2005).

32. In service of its goals to promote both domestic energy supply and energy conservation, Congress began regulating many appliances' energy efficiency and energy use. *See id.*

33. Originally, EPCA permitted more substantial state and local involvement in appliance regulation. *Id.* at 499. But Congress narrowed that authority as it directed increasingly greater federal involvement. Amendments in the 1970s and 1980s eventually mandated federal standards for many appliances and authorized the Department of Energy to issue new or revised standards. *See id.* at 499–500.[3]

34. Products covered by EPCA now may only be "distribute[d] in commerce" if they conform with the applicable federal standard, which requires testing in accordance with standardized, detailed test procedures. 42 U.S.C. § 6302(a)(5); *see id.* §§ 6292, 6293, 6295, 6313, 6314; 10 C.F.R. Parts 429–31.

35. Pursuant to EPCA, there are several covered products fueled by natural gas, propane, or fuel oil for which energy conservation standards are in place. *See, e.g.*, 10 C.F.R. §§ 430.32(d) (residential water heaters), (e) (residential furnaces), (h) (residential clothes dryers), (i) (direct heating equipment), (j) (cooking tops and ovens), (k) (pool heaters), 431.77(a) (gas-fired commercial warm air furnaces), (b) (oil-fired commercial warm air

---

[3] EPCA addresses consumer products and industrial equipment separately. *See* 42 U.S.C. §§ 6291–6309 (consumer); *id.* §§ 6311–6317 (industrial). The provisions are substantially similar, and nothing at issue turns on the specific type of product involved. For convenience, this Complaint cites the consumer product provisions. *Cf. Air Conditioning & Refrigeration Inst.*, 410 F.3d at 496 n.2 (taking a similar approach).

Complaint of the United States                    - 6 -

furnaces), 431.87 (commercial package boilers), 431.110 (commercial storage water heaters, instantaneous water heaters, and hot water supply boilers); *see also id.* §§ 430.2, 431.2 (defining "gas" to mean either natural gas or propane).

36. To give effect to federal standards, enable manufacturers to distribute in commerce products that conform with those standards, preserve product utility, improve energy efficiency and grid resilience, and conserve consumer choice, Congress also broadened EPCA's preemption clause.

37. As amended, EPCA preempts not only state and local regulations that directly impose energy efficiency standards on a covered product, but more broadly any regulation "concerning the energy efficiency, energy use, or water use of" products subject to a federal standard.  *Id.* § 6297(c).

38. EPCA defines "energy use" as "the quantity of energy directly consumed by a consumer product at point of use."  *Id.* § 6291(4).  And it defines "energy efficiency" as "the ratio of the useful output of services from a consumer product to the energy use of such product, determined in accordance with test procedures under section 6293 of this title."  *Id.* § 6291(5).

39. EPCA provides limited exceptions to this general rule of preemption.  One exception is that states and localities may ask the Department of Energy to waive this preemption, but Congress strictly cabined this waiver authority both procedurally and substantively, in service of the goals described *supra* ¶ 36.  *See id.* § 6297(c)(2), (d).  For example, EPCA prohibits waiving preemption of state and local measures that fail to establish "by a preponderance of the evidence" that the measure is "needed to meet unusual and compelling State or local energy or water interests," which must be "substantially different in nature or magnitude than those prevailing in the United States generally."  *Id.* § 6297(d)(1)(B), (C)(1).

40. Congress also specified that "regulation[s] or other requirement[s] contained in a State or local building code for new construction concerning the energy efficiency or energy use

of [a] covered product" are preempted *unless* they satisfy all of seven enumerated conditions. *Id.* § 6297(f)(3); *see id.* § 6297(c)(3). One of those conditions is that the "code does not require that the covered product have an energy efficiency exceeding the applicable energy conservation standard established in or prescribed under section 6295 of this title." *Id.* § 6297(f)(3)(B).

41.  Morris Township's Ordinance "concern[s] the . . . energy use" of products subject to a federal standard. *Id.* § 6297(c). As the Ninth Circuit explained, "a building code that prohibits consumers from using natural gas-powered appliances in newly constructed buildings necessarily regulates the 'quantity of energy directly consumed by [the appliances] at point of use'" and is therefore preempted by EPCA. *California Rest. Ass'n*, 89 F. 4th at 1102 (alteration in original); *see id.* ("EPCA preempts [the municipality's] regulation here because it prohibits the installation of necessary natural gas infrastructure on premises where covered appliances are used."); *id.* at 1103 ("[A] building code that bans the installation of piping that transports natural gas from a utility's meter on the premises to products that operate on such gas 'concerns' the energy use of those products as much as a direct ban on the products themselves.").

42.  The Township has not sought a preemption waiver from the Department of Energy for Ordinance 08-22.

43.  Nor does the Ordinance qualify for any other exception to preemption by EPCA, including the one for certain qualifying building codes under 42 U.S.C. § 6297(f)(3).

44.  EPCA's broad preemption provision therefore bars Morris Township's Ordinance because it prohibits products that are subject to a federal energy conservation standard from using energy.

45.  The Ordinance therefore is invalid under the Supremacy Clause.

## CLAIM FOR RELIEF

## COUNT ONE – VIOLATION OF THE SUPREMACY CLAUSE

## (PREEMPTION BY THE ENERGY POLICY AND CONSERVATION ACT)

46. Plaintiff hereby re-alleges the preceding paragraphs of the Complaint as if fully stated herein.

47. Morris Township's Ordinance is preempted in its entirety by EPCA.

48. There is no set of circumstances under which the Ordinance would be valid.

49. The Ordinance concerns the energy efficiency and energy use of all natural gas, propane gas, and fuel oil appliances in covered buildings, including appliances covered by EPCA.

50. The Ordinance does not fall within EPCA's or any other exceptions to preemption.

51. The Federal Government is harmed and will be harmed by continued enforcement of the Ordinance.

52. Accordingly, Morris Township's Ordinance is and should be declared invalid under the Supremacy Clause and its enforcement should be permanently enjoined.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests the following relief:

   a. That this Court enter a judgment declaring that Morris Township's Ordinance is preempted by federal law and does not satisfy any exception to such preemption, and is accordingly void and unenforceable;

   b. That this Court enter a judgment permanently enjoining Defendants from enforcing or attempting to enforce Morris Township's Ordinance because it is preempted by federal law and does not satisfy any exception to such preemption, and is accordingly void and unenforceable;

   c. That this Court award the United States its costs and fees in this action; and

   d. That this Court award any other relief it deems just and proper.

DATED: March 31, 2026                    Respectfully submitted,

BRETT A. SHUMATE                         STANLEY E. WOODWARD, JR.
Assistant Attorney General               Associate Attorney General

YAAKOV M. ROTH                           ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney      Principal Deputy Assistant Attorney General
General

                                         JOHN K. ADAMS
/s/ Charles E.T. Roberts                 Senior Counsel
CHARLES E.T. ROBERTS
  (PA Bar No. 326539)                    DAVIS FORSYTHE
Counsel to the Assistant Attorney        Senior Counsel
General                                  U.S. Department of Justice
U.S. Department of Justice               Environment and Natural Resources Division
Civil Division
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 305-1141
Charles.Roberts2@usdoj.gov

*Counsel for the United States*

## LOCAL CIVIL RULE 101.1(f) DESIGNATION

The United States designates the United States Attorney's Office to receive notices and papers at the following address: Civil Chief, U.S. Attorney's Office 970 Broad Street, 8th Floor, Newark, NJ 07102.