May 29, 2026

**VIA CM/ECF**
Honorable Julien X. Neals, U.S.D.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: *United States v. Township of Morris et al.*, No. 2:26-cv-03412 (JXN-CF)

Dear Judge Neals:

Pursuant to Section IV.A of the Court's Judicial Preferences and Procedures, Morris Township, the Morris Township Committee, and the Morris Township officials named as defendants (collectively, the Township) respectfully submit this letter to request a pre-motion conference prior to filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

This case is federal government overreach into a matter of local concern: a municipality's efforts to protect its residents, especially children, from the adverse health effects associated with gas appliances and to combat the threat of climate change. In 2022, the Township adopted an ordinance requiring that certain new apartment buildings use "a permanent supply of electricity as the sole source of energy to meet building energy needs," unless granted an exemption. *See* Morris Twp., N.J., Ordinance No. 08-22, § 1 (the "All-Electric Ordinance"). The Complaint asserts that the All-Electric Ordinance is preempted by the federal Energy Policy and Conservation Act ("EPCA"), 42 U.S.C. § 6297. That claim fails as a matter of law. As the Township's forthcoming motion will argue, this Court should dismiss the Complaint.

**Dismissal is Warranted Because The All-Electric Ordinance Is Not Preempted**

Enacted "in the aftermath of the oil embargo imposed against the United States in 1973 and 1974," the EPCA "authorize[d] energy efficiency standards" for certain covered home appliances. *Nat. Res. Def. Council, Inc. v. Herrington*, 768 F.2d 1355, 1364 (D.C. Cir. 1985) (quotation marks omitted). A few years later, "systems of separate state appliance standards . . . had emerged . . . which caused appliance manufacturers to be confronted with a growing patchwork of differing State regulations which would increasingly complicate their design, production and marketing plans." *Air Conditioning & Refrigeration Inst. v. Energy Res. Conservation & Dev. Comm'n*, 410 F.3d 492, 500 (9th Cir. 2005) (quotation marks omitted). Against that backdrop, Congress enacted an amendment that preempts state and local regulations "concerning the energy efficiency [or] energy use" of specific "covered product[s]." 42 U.S.C. § 6297(c).

1

That provision does not preempt the All-Electric Ordinance as the Ordinance does not "concern[] the energy efficiency [or] energy use" of covered appliances as the EPCA uses those terms. *Id.*; *see Van Buren v. United States*, 593 U.S. 374, 387 (2021) ("When a statute includes an explicit definition of a term, we must follow that definition, even if it varies from a term's ordinary meaning." (quotation marks omitted)); *Nat'l Ass'n of Home Builders of U.S. v. Montgomery County*, 2026 WL 817322, at *15 (D. Md. Mar. 25, 2026) (explaining that because "the EPCA is a 'technical statute,'" its terms "must be given their technical and industry-relevant meanings"), *appeal pending*, No. 26-1449 (4th Cir.). The EPCA defines a covered appliance's "energy use" as "the quantity of energy directly consumed by a consumer product at point of use, determined in accordance with test procedures under section 6293 of this title." 42 U.S.C. § 6291(4). In turn, the test procedures under section 6293 are "designed to produce test results which measure . . . energy use . . . during a representative average use cycle or period of use." *Id.* § 6293(b)(3).

The phrase "energy use" thus refers to a statutorily-defined measure of the typical amount of energy an appliance consumes while in operation under specified test conditions. That measurement is fixed once the appliance is manufactured. It, by definition, does not vary depending on where or how the appliance is used by a particular consumer. *See Nat'l Ass'n of Homebuilders of the U.S. v. District of Columbia*, 2026 WL 837674, at *5 (D.D.C. Mar. 26, 2026) ("Energy efficiency or use in EPCA refers to a fixed measure of an appliance's performance capacity."), *appeal pending*, No. 26-7050 (D.C. Cir.).

The All-Electric Ordinance does *not* regulate covered appliances' "energy use" under the EPCA. Instead, it concerns only the overall source of energy for certain new buildings in the Township. That is permissible, as every federal court, but one, has held. *See Ass'n of Contracting Plumbers of City of New York, Inc. v. City of New York*, 2025 WL 843619, at *6 (S.D.N.Y. Mar. 18, 2025) (recognizing that local regulations "prohibiting the use of certain types of fuels and appliances" "are integral to municipal construction and fire codes"), *appeal pending*, No. 25-977 (2nd Cir); *Mulhern Gas Co. v. Mosley*, 798 F. Supp. 3d 304, 325-26 (N.D.N.Y. 2025), *appeal pending*, No. 25-2041 (2d Cir.); *Nat'l Ass'n of Homebuilders of U.S. v. Montgomery County*, 2026 WL 817322, at *7; *Nat'l Ass'n of Homebuilders of the U.S. v. District of Columbia*, 2026 WL 837674, at *9-10. *But see Cal. Rest. Ass'n v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024). That is particularly true because the EPCA must be construed narrowly in light of the presumption against preemption. *See Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 771 n.9 (3d Cir. 2018).

### *California Restaurant Association* Is Not Persuasive Authority

The United States's invocation of *California Restaurant Association*, 89 F.4th 1094, the sole case to hold that the EPCA preempted a local ordinance forbidding the installation of "fuel gas piping" in newly constructed buildings, is unpersuasive. *See* Compl. ¶ 41, Dkt. No. 1.

2

First, as numerous other cases—and a 10-member dissent from denial of rehearing en banc in *California Restaurant Association*—demonstrate, the decision is flawed. As the dissent explained, the panel's decision "unnecessarily str[uck] down the ordinance by entirely misinterpreting a narrow preemption provision about appliance standards." 89 F.4th at 1126 (Friedland, J., dissenting from denial of rehearing en banc). Although an ordinance restricting the use of natural-gas appliances in a particular building "affects the use of natural gas products in a colloquial sense," it is not preempted by the EPCA because it does not regulate covered appliances' "energy use" as the statute defines that term. *Id.* at 1122. Every court to have considered this issue subsequently has explicitly adopted Judge Friedland's reasoning. *See Contracting Plumbers*, 2025 WL 843619, at *5; *Mulhern Gas Co.*, 798 F. Supp. 3d at 325-26; *Nat'l Ass'n of Homebuilders of U.S. v. Montgomery County*, 2026 WL 817322, at *7; *Nat'l Ass'n of Homebuilders of the U.S. v. District of Columbia*, 2026 WL 837674, at *7.

Second, *California Restaurant Association* is inapplicable here by its own terms. The Ninth Circuit narrowly held only that the EPCA preempted a local building code provision "regulat[ing] the gas usage of covered appliances on premises *where gas is otherwise available*." 89 F.4th at 1103 (emphasis added); *see also id.* at 1106 (emphasizing the "narrow" holding). The Township's Ordinance does not do so. Rather, it concerns "distribution of natural gas to premises where covered products might be used," *id.* at 1103, which is why the Ordinance requires that an applicant for an exemption agree to pay the costs of connecting a new building to the gas main, if such an exemption is granted. *See* All-Electric Ordinance § 1, ¶ 4.

\* \* \*

Properly construed, the EPCA does not preempt local ordinances such as the Township's. For these reasons, the Court should dismiss the complaint with prejudice. At a minimum, the Court should dismiss the Mayor and Township Committee, who have no role in enforcing the challenged All-Electric Ordinance.

Respectfully submitted,

*/s/ Matthew J. Platkin*

| | | |
|---|---|---|
| Matthew J. Platkin | Simon C. Brewer* | Jarrid H. Kantor |
| mplatkin@platkinllp.com | Carrie Y. Flaxman* | Yulieika Tamayo |
| Angela Cai | Elena Goldstein* | Alexander L. Mitchell |
| acai@platkinllp.com | **DEMOCRACY FORWARD** | **ANTONELLI KANTOR** |
| **PLATKIN LLP** | **FOUNDATION** | **RIVERA PC** |
| 413 Washington Avenue, Unit 174 | P.O. Box 34553 | 354 Eisenhower Pkwy, Suite 1000 |
| Belleville, NJ 07109 | Washington, D.C. 20043 | Livingston, NJ 07039 |
| Tel: (973) 561-1951 | Tel: (202) 448-9090 | Tel: (908) 623-3676 |
| | sbrewer@democracyforward.org | jkantor@akrlaw.com |
| | * Admitted pro hac vice | |

3